

**Rudolf E. Hutz**
Direct Phone: +1 302 778 7571
Email: rhutz@reedsmith.com

Reed Smith LLP
1201 North Market Street
Suite 1500
Wilmington, DE 19801-1163
+1 302 778 7500
Fax +1 302 778 7575
reedsmith.com

August 31, 2023

**Via CM/ECF**

The Honorable Richard G. Andrews
J. Caleb Boggs Federal building
844 N. King Street, Unit 9, Room 6325
Wilmington, DE 19801-355

RE:   *Pioneer Hi-Bred International, Inc., et al. v. Syngenta Seeds, LLC*
      C.A. No. 22-1280-RGA

Dear Judge Andrews:

Given the discovery conference set for September 12, 2023, pursuant to the procedures set forth in the Scheduling Order (D.I. 19 at ¶ 3(f)) Defendant Syngenta Seeds, LLC ("Syngenta") submits this letter outlining the issues in dispute and its position on those issues. Concurrently filed herewith is a detailed issue-by-issue proposed order. Additionally, Syngenta simultaneously is e-mailing a Word format document of the issue-by-issue proposed order to rga_civil@ded.uscourts.gov.

**1. Pioneer's refusal to conduct ESI searches pursuant to the Default Standard for Discovery.**

The Delaware Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), hereinafter "the Delaware Default Standard," Paragraph 5(b) provides:

> If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. . .. [A] requesting party may request no more than 10 additional terms to be used in connection with the electronic search. . . . The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph 3(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph 3(a).

On June 22, 2023, Syngenta provided Plaintiffs Pioneer Hi-Bred International, Inc. and E.I. Du Pont De Nemours and Company (collectively, "Pioneer") with 10 additional search terms to be used in connection with Pioneer's electronic search of potentially responsive ESI. On July 10, 2023, Pioneer refused to conduct Syngenta's ESI searches. July 10, 2023, email from Jessica Roberts to Hallie Wimberly ("Pioneer will not conduct searches using Syngenta's requested search terms.").

Therefore, Syngenta respectfully requests that the Court compel Pioneer to comply with the Delaware Default Standard and conduct and produce relevant documents hitting on Syngenta's requested ESI searches.



The Honorable Richard G. Andrews
August 31, 2023
Page 2

**2. Pioneer's refusal of discovery on Syngenta's inequitable conduct counterclaims, which also is relevant to invalidity of the patent-in-suit.**

In April 2023, Syngenta filed a motion to amend its answer to include counterclaims that the '846 patent is unenforceable because of Pioneer's inequitable conduct during prosecution. *See* D.I. 43 (Syngenta Amended Answer and Counterclaims); D.I. 49 (Motion to Amend Answer and Counterclaims); D.I. 54 (Pioneer's Opposition to Syngenta's Motion to Amend Answer and Counterclaims); D.I. 56 (Syngenta's Reply Brief In Support of its Motion to Amend Answer and Counterclaims). The Court has not yet ruled on the motion to amend or entered Syngenta's amended complaint and counterclaims, and on that basis, Pioneer has refused discovery on anything related to Syngenta's inequitable conduct counterclaims under the guise that the discovery "does not seek information relevant to any claim or defense in this case, and therefore does not require a response."

Given the close of discovery is set for October 30, 2023, Syngenta needs this discovery in order to develop its case and avoid further requests to amend the scheduling order. Additionally, the discovery is relevant to invalidity of the patent-in-suit given the information withheld from the patent office also is prior art.

Therefore, Syngenta respectfully requests that the Court compel Pioneer to respond to Syngenta's discovery requests related to its inequitable conduct counterclaims and prior art withheld from the patent office.

**3. Pioneer's limitation of discovery to U.S. Patent 8,859,846 when the request calls for more.**

Several Requests for Production by Syngenta (for example, Request Nos. 10-14, 122-133, and 135-141) seek documents sufficient to identify techniques, maize inducer lines, marker genes, chromosome doubling agents, non-callus promoting media, etc. that Pioneer has used to perform the individual steps recited in the '846 patent. In response to these Requests, Pioneer responds that it will produce documents as they relate to the "methods claimed in the '846 patent."

Given that Pioneer has several patents and/or abandoned patent applications related to doubled haploid technology, some with nearly identical claim sets to the '846 patent, Syngenta needs this discovery to understand the full scope of the '846 patent claims. By limiting its production to documents it considers within the scope of the '846 patent, Pioneer limits Syngenta's ability to understand the scope of the claims and develop its positions in invalidity.

During a meet and confer on this issue on August 23, 2023, Pioneer suggested that it had no obligation to revisit its production unless Syngenta identified specific deficiencies in its production. However, Syngenta crafted its requested 10 ESI search terms based on just such deficiencies, yet Pioneer refuses to entertain Syngenta's requested ESI searches.

Therefore, Syngenta respectfully requests that the Court compel Pioneer to produce documents related to these Requests for Production without limiting its production to documents that relate to the "methods claimed in the '846 patent."

The Honorable Richard G. Andrews  
August 31, 2023
Page 3

### 4. Pioneer's refusal to conduct discovery related to a non-inventor's name that appears in inventor notebooks and presentations.

Syngenta's Request for Production No. 115 seeks "Documents sufficient to show the details, data, design, plan, and results of 'Wes Bruce's project' referenced at PNR_DH_00167075 at 109, 'Wes' project' referenced at PNR_DH_00167075 at 131, and the 'Doubling work in Wes Bruce's lab' referenced at PNR_DH_00167020 at 21." Syngenta seeks these materials because of their presumed relevance to the development of Pioneer's doubled haploid technology given that "Wes Bruce" and his so-called "Doubling work" is referenced in documents critical to conception and reduction to practice of the inventions claimed in the '846 patent. Pioneer responded to the Request that it

Pioneer's response to Syngenta's Request No. 115 indicated that it "was willing to meet and confer regarding this request." During said meet and confer on this issue on August 23, 2023, counsel for Pioneer offered to discuss this issue with Pioneer but has not since conceded any willingness to search for documents responsive to this request.

Therefore, Syngenta respectfully requests that the Court compel Pioneer to produce documents responsive to this request.

Respectfully submitted,

/s/ Rudolf E. Hutz,

Rudolf E. Hutz

cc:   All Counsel of Record (*via/CM/ECF*)