

222 Delaware Avenue, Suite 1200
Wilmington, DE 19801-1611 U.S.A.
(302) 300-3434
Fax (302) 300-3456

www.btlaw.com

September 5, 2023

**Via CM/ECF**

The Honorable Richard G. Andrews
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

Re: *Pioneer Hi-Bred Int'l, Inc. and E. I. du Pont de Nemours & Co. v. Syngenta Seeds, LLC*, C.A. No. 22-1280-RGA

Dear Judge Andrews:

Further to the August 31, 2023 *Markman* hearing, Plaintiffs Pioneer Hi-Bred Int'l and E. I. du Pont de Nemours & Co. provide further clarification regarding the parties' dispute and an alternative proposed construction for claim 1, part (e) consistent with Federal Circuit precedent.

Pioneer's proposed construction for part (e) of claim 1 was intended to be helpful for the jury to understand. Rather than complicating the construction with issues not in dispute, Pioneer proposed a simple definition specifying that the term "doubled haploid maize plant" includes seeds and progeny (D.I. at 57), which are relevant to infringement. *See Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*, 868 F. 3d 1013, 1017 (Fed. Cir. 2017) (courts need only construe terms "that are in controversy, and only to the extent necessary to resolve the controversy") (quoting *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999)).

Pioneer does not dispute that the '846 patent expressly defines a "plant" at column 2, lines 1-3. Consistent with that definition, the parties agree that the claim term "doubled haploid maize plant" in claim 1(e) includes, among other things, whole plants, seeds, and progeny. But Syngenta's proposed construction, which embeds the specification's definition of "plant cell" into the construction of "plant," is unnecessarily wordy and potentially confusing. The term "plant cell" does not appear in the claims, and there is no dispute between the parties over what a plant cell is. The Court should therefore reject Syngenta's construction, which would likely confuse the jury.

To the extent that the Court would prefer to apply the specification's express definition of "plant" without making the construction unnecessarily complicated or confusing, Pioneer proposes an alternative construction below that tracks the specification's definition of "plant" and would be both helpful for the jury and relevant to the infringement issues in this case:

The Honorable Richard G. Andrews
September 5, 2023
Page 2

| Claim Terms/Phrases | Pioneer's Alternative Proposed Construction |
|---|---|
| 1.(e) doubled haploid maize plant | *No construction needed and should be understood according to its plain and ordinary meaning.*<br><br>Alternatively, Pioneer proposes construing the claim terms/phrases as follows:<br><br>A doubled haploid maize "plant" may include whole plants, plant organs (e.g., leaves, stems, roots, etc.), seeds and plant cells and progeny of the same. |

This alternative construction applies the specification's express definition of "plant" in a straightforward manner while avoiding the unnecessary complication/confusion introduced by Syngenta's proposed construction. *See AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 239 F.3d 1239, 1247 (Fed. Cir. 2001) ("[i]t is critical for trial courts to set forth express construction of the material claim terms in dispute, in part because the claim construction becomes the basis for the jury instructions…"). Indeed, there appears to be no claim construction dispute regarding the rest of claim 1(e)—i.e., "generating . . . from said doubled haploid maize embryo cell."

For these reasons, Pioneer respectfully requests that the Court adopt Pioneer's proposed construction for part (e) of claim 1 or the alternative proposed above.

Respectfully submitted,

/s/ Chad S.C. Stover

Chad S.C. Stover (No. 4919)

cc: Counsel of Record (via CM/ECF)

**BARNES & THORNBURG** LLP