IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC. and E. I. DU PONT DE NEMOURS AND COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>SYNGENTA SEEDS, LLC,<br><br>Defendant. | Civil Action No. 22-1280-RGA |

MEMORANDUM ORDER

Before me is Defendant's motion to dismiss for lack of statutory standing. (D.I. 83). I have considered the parties' briefing. (D.I. 83, 103, 107). For the reasons set forth below, I **DENY** Defendant's motion.

## I. LEGAL STANDARD

A "patentee" has standing to bring a civil action for patent infringement. 35 U.S.C. § 281. The "patentee" is the owner of the patent, either by issuance or assignment. *Id.* § 100(d). An assignment by the patent title holder gives the assignee standing to bring an infringement action in its own name. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 875 (Fed. Cir. 1991). A patentee or its assignee may grant and convey to another: (1) the whole patent, (2) an "undivided part" of the patent, or (3) the exclusive right under the patent in a certain part of the United States. *See id.* at 873. If an owner of a patent only possesses an undivided part of the patent, that owner must join all other co-owners to satisfy § 281. *See Int'l Nutrition Co. v. Horphag Rsch. Ltd.*, 257 F.3d 1324, 1331 (Fed. Cir. 2001).

1

A defendant may move under Rule 12(b)(6) to dismiss patent infringement suits alleging lack of statutory standing. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019).[1] A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## II. DISCUSSION

When Plaintiffs filed this suit, Pioneer and Corteva were co-owners of the '846 patent. DuPont was by then a former owner of the patent. (D.I. 83 at 1–2). After suit was filed, Corteva assigned all its interests in the patent to Pioneer. (*Id.* at 2). Today, Pioneer is the sole owner of the patent. (*Id.*).

Defendant contends that DuPont cannot establish constitutional or statutory standing because it assigned its co-ownership of the '846 patent to Corteva before this suit was filed. (*Id.* at 4).[2] Because Corteva was not a party at the start of the case, Defendant argues Plaintiffs lacked statutory standing, so their Complaint must be dismissed.[3] (*Id.* at 3). Defendant cites to Federal Circuit authority stating, "An action for infringement . . . must join as plaintiffs all co-owners." (*Id.* at 4 (quoting *AntennaSys, Inc. v. AQYR Techs., Inc.*, 976 F.3d 1374, 1378 (Fed. Cir. 2020))). There are at least two exceptions to this rule, but Defendant argues that neither

---

[1] Defendant filed a motion for judgment on the pleadings based on a defect in statutory standing. Such a Rule 12(c) motion is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss when the Rule 12(c) motion, as here, alleges the plaintiff fails to state a claim upon which relief can be granted. *See Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010).

[2] Defendant does not dispute that Pioneer has established constitutional standing. (D.I. 83 at 3).

[3] Indeed, Defendant states the dismissal should be "with prejudice." (D.I. 107 at 9).

2

exception applies; neither Pioneer nor DuPont was Corteva's exclusive licensee and Corteva never waived its right to refuse to join suit as a co-owner. (*Id.* at 4–5).

Defendant also argues that Plaintiffs' efforts to cure the defect fail. (*Id.* at 5). Defendant relies on *Alps South, LLC v. Ohio Willow Wood Co.*, where the Federal Circuit held that "nunc pro tunc assignments are not sufficient to confer retroactive standing." (*Id.* at 6 (citing 787 F.3d 1379, 1384 (Fed. Cir. 2015))). Defendant contends that *Alps South* applies to this case, arguing that Pioneer and DuPont cannot cure their statutory standing defect with a post-initiation agreement. (*Id.* at 6–7). Defendant contends that Plaintiffs' efforts to cure the defect are even less compelling than the scenario in *Alps South* because Plaintiffs did not try to cure the statutory requirement retroactively. (*Id.* at 6).

Plaintiffs respond that *Alps South* is no longer good law, as standing under § 281 is not a jurisdictional question. (D.I. 103 at 5–7).[4] Plaintiffs contend that I have subject-matter jurisdiction over this case, and that Defendant's motion only raises a statutory standing issue. (*Id.* at 7).[5] Plaintiffs further argue that "dismissal is . . . inappropriate without affording Pioneer an opportunity to ensure that all rights in the '846 patent are brought into the case." (*Id.*). Plaintiffs argue they can cure the statutory standing defect by either joining a missing party with ownership rights or by acquiring the missing ownership rights, as long as the cure occurs before judgment. (*Id.* at 8). Plaintiffs contend they cured the defect when Pioneer acquired Corteva's

---

[4] The Federal Circuit in *Alps South* stated that standing is a jurisdictional question. 787 F.3d at 1382. In light of the Supreme Court's decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), the Federal Circuit has since held that statutory standing under § 281 is not a jurisdictional question. *Lone Star*, 925 F.3d at 1235.

[5] In its reply, Defendant contends that it has never disputed subject-matter jurisdiction in this case. (D.I. 107 at 1).

rights. (*Id.*). Lastly, Plaintiffs distinguish this case from *Alps South*, as "*no plaintiff* in *Alps South* qualified as a patentee at the outset of the case, unlike Pioneer here." (*Id.* at 9). Plaintiffs also contend there is no reason to require Corteva to be joined. (*Id.* at 9–10).[6]

Defendant replies that the Federal Circuit "favorably cites" to *Alps South*, even if § 281 is no longer viewed as a jurisdictional requirement. (D.I. 107 at 5). Defendant contends that the *Alps South* decision depended on the plaintiff's status as a "patentee," not on jurisdiction. (*Id.*). Defendant argues that the reasoning of *Alps South* applies equally to an exclusive licensee who failed to join a patent owner and to a co-owner who did not join other co-owners. (*Id.* at 6–7). Defendant contends the defect cannot be cured by joinder in this case because Corteva has already transferred its rights to Pioneer, so Corteva is not an indispensable party. (*Id.* at 8).

I agree with Defendant that Plaintiffs did not satisfy the statutory requirement under § 281 at the time they filed suit. Because the parties agree that DuPont is not, and was not, a proper plaintiff, I dismiss DuPont from this case. I also note that Pioneer's failure to satisfy § 281 at the time of filing suit is neither an issue of standing nor of subject-matter jurisdiction. *See Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319 n.1 (Fed. Cir. 2021) ("We have more recently clarified that § 281 is simply a statutory requirement; it does not 'implicate standing or subject-matter jurisdiction.'" (quoting *Lone Star*, 925 F.3d at 1235–36)).

I agree with Plaintiffs, however, that Pioneer should be given an opportunity to bring all rights in the '846 patent into the case. Although Pioneer cannot rely on Rule 19 joinder to cure the statutory defect because it already has all the rights in the '846 patent, Pioneer's acquisition

---

[6] In its reply, Defendant agreed there is no reason to require Corteva to be joined. (D.I. 107 at 7–8).

4

of Corteva's rights is sufficient to cure the defect. The authority Defendant relies on is inapposite to the extent that it involves plaintiffs filing suit without having any rights in the relevant patents. *See, e.g., Alps South*, 787 F.3d at 1386 (finding that "Alps possessed neither legal title nor all substantial rights at the outset of the litigation"). Here, Pioneer was a proper co-owner plaintiff at the time the Complaint was filed. This scenario is closer to cases in which exclusive licensees without all substantial rights in a patent were permitted to cure statutory standing defects by joining patentees as plaintiffs. *See Lone Star*, 925 F.3d at 1237–38 ("Although [the plaintiff's] rights are less than all substantial rights, we have consistently said that the cure for this defect is to join the patent owner and not to dismiss the case."). Only here, there is no need to join an additional party because Pioneer now has all the rights in the '846 patent.[7] Dismissal of this case would be improper.

### III. CONCLUSION

For the reasons discussed above, I **DENY** Defendant's motion to dismiss for lack of statutory standing. (D.I. 83). E.I. du Pont de Nemours and Company is **DISMISSED** from this case. Pioneer may proceed with this case on its own.

IT IS SO ORDERED.

Entered this 14th day of November, 2023

*Richard G. Andrews*
United States District Judge

---

[7] Defendant makes no meaningful argument why, on the facts of this case, there is some difference between, on the one hand, Corteva not assigning the patent to Pioneer and being joined as a plaintiff pursuant to Rule 19, and, on the other hand, Corteva assigning its rights to Pioneer and Pioneer litigating the case by itself.