IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PIONEER HI-BRED INTERNATIONAL, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SYNGENTA SEEDS, LLC,<br><br>　　　　　Defendant. | Civil Action No. 22-1280-RGA |

MEMORANDUM ORDER

Plaintiff Pioneer filed a motion entitled, "Plaintiff's Motion for Partial Summary Judgment of Noninfringement and Entry of Final Judgment." (D.I. 148). Defendant Syngenta does not oppose the motion for partial summary judgment, but Syngenta does oppose the entry of a final judgment (or any other procedural device that would allow Plaintiff an immediate appeal). The motion is fully briefed. (*Id.*; D.I. 152; D.I. 155). I now GRANT in part and DENY in part the motion. Here's a brief explanation why.

After I construed a number of terms, Plaintiff recognized that the construction of one of them meant that it did not have a viable infringement theory. Hence, the present motion.

Since the motion for partial summary judgment is unopposed, I will grant that portion of the motion. Plaintiff submitted a proposed order with six checkboxes. (D.I. 148-3). Presumably, therefore, Plaintiff wants me to check the first checkbox. The checkbox is not as clear as I would like as to which claims I am granting noninfringement, since it refers to the complaint, which describes the infringing claims as "at least claim 1." (D.I. 1, ¶ 19). Thus, I would like the parties jointly to submit a proposed order that resolves that ambiguity.

The entry of final judgment issue involves a discretionary decision on my part. In my opinion, the most significant factor is that Plaintiff proposes what would in effect be a classic piecemeal appeal. It wants to bring one claim construction issue before the Court of Appeals. All other decisions to date, including any of the other claim constructions, would be reserved for a potential second appeal. (D.I. 148 at 5 n.1). It is true that if Plaintiff were to lose on the first appeal, there would be no second appeal. On the other hand, if Plaintiff were to win on the first appeal, all that would be decided is one claim construction issue. Resolving the issue would not, so far as I can tell, lead to the resolution of any other issue in the case. Defendant states that it has numerous invalidity theories that would not be impacted by resolution of the claim construction dispute. The parties dispute whether there would be any impact on Defendant's obviousness theories. The parties agree that Plaintiff wants a broader claim construction than the one I gave; it seems to me that if Defendant can prove obviousness using the narrower construction, that would also suffice to prove obviousness using a broader construction. Thus, if I were to find the patent claims obvious, I do not believe any erroneous claim construction would impact that finding.

The parties cite a lot of cases discussing the merits of entry of final judgment and/or a Rule 54(b) order. They both discuss one of my earlier cases, in which I granted summary judgment of noninfringement to Defendant and dismissed Defendant's invalidity counterclaims. There I wrote,

> Defendant's obviousness case relies on its product Brazilian Publisher. At oral argument, it stipulated there was a genuine dispute over the prior art status of Brazilian Publisher, but asked me to rule that, if Brazilian Publisher is prior art, Defendant made a *prima facie* case of obviousness that was unrebutted. While Defendant makes a strong case, such a ruling would leave a piecemeal presentation for the jury. Having granted summary judgment of non-infringement, I am dismissing the motion for summary judgment of obviousness and Defendant's counterclaims of invalidity as moot because proceeding to a

jury trial would be inefficient and wasteful. *See Phonometrics, Inc. v. N. Telecom Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998).

*Viatech Tech. Inc. v. Microsoft Corp.*, 2017 WL 2538570, at *9 (D. Del. June 12, 2025). Shortly before I issued that opinion, I had told the parties that I intended to grant summary judgment of noninfringement, and, before I issued the opinion, the parties jointly asked that I take the upcoming trial off the calendar. *Id.*, No. 14-1226-RGA, D.I. 327 (D. Del. June 6, 2017). I interpreted that letter as indicating neither party wanted a trial if I granted summary judgment of noninfringement.

I do have an earlier case, not cited by either side, where the procedural posture was closer to what it is in this case. That is, I granted summary judgment of noninfringement, but the defendant wanted to hold an invalidity trial. I agreed with the defendant.

> Before the Court is Plaintiff L-3 Communications Corporation's Motion for Entry of Judgment (D.I. 200), Defendant's Opposition (D.I. 212), and Plaintiffs Reply (D.I. 214). For the reasons below, the motion is DENIED.
> Plaintiff L-3 asks the Court to exercise its discretion to enter final judgment consistent with the summary judgment ruling by either:
> (1) Proceeding to final judgment of non-infringement and dismissing any outstanding counterclaims without prejudice; or
> (2) Proceeding to final judgment of non-infringement pursuant to Rule 54(b) and staying the counterclaims pending resolution of the appeal.
> The decision whether to dismiss a counterclaim of invalidity where the Court has found no infringement is soundly within the Court's discretion. *Phonometrics, Inc. v. N Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998). Alternatively, under Federal Rule of Civil Procedure 54(b), the Court may determine that there is no "just reason for delay" and direct the entry of final judgment of non-infringement while staying the remaining invalidity counterclaims. *Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003). In order to find a "just reason for delay," "it must be apparent, either from the district court's order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment." *iLOR, LLC v. Google, Inc.*, 550 F .3d 1067, 1072 (Fed. Cir. 2008). Here, trial is scheduled to start less than a month away. Most of the preparation has already occurred. To delay would be a waste of the resources that have already been expended.

*L-3 Comms. Corp. v. Sony Corp.*, 2013 WL 12158978, at *1 (D. Del. Oct. 4, 2013).

Neither *Viatech* nor *L-3* is exactly the same as the present case. The invalidity case is not as trial-ready as it was in *L-3*. Nonetheless, *L-3* is the case that reflects my views about how

generally to handle a counterclaim of invalidity when the defendant wants a trial on it even though it has already won on non-infringement.

Thus, I deny the portion of the motion seeking entry of a final judgment.

The parties should timely submit both above-referenced jointly proposed order and a proposed schedule going forward.

IT IS SO ORDERED this 19th day of March 2025.

_____<br>United States District Judge